IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE COX, on behalf of herself and other similarly situated female laborers, | |
| Plaintiff, | Case No. 16 C 11282 |
| v. | Judge Wood |
| PERSONNEL STAFFING GROUP, LLC d/b/a MVP, | Magistrate Judge Gilbert |
| Defendant. | |

**PARTIES' JOINT REPORT ON THE STATUS OF DISCOVERY AND PROPOSED MODIFIED DISCOVERY SCHEDULE**

Plaintiff Jasmine Cox and Defendant Personnel Staffing Group, LLC (collectively "the Parties"), file this Joint Report on the status of discovery. The Parties held a Local Rule 37.2 conference on July 11, 2018 to discuss a modified discovery schedule in this matter pursuant to the Court's Order of June 28, 2018. *See* Docket Entry No 81. (hereafter "Dkt. No __").

The Parties agree that Defendant will Answer Plaintiffs' Complaint filed in *Matthews v. Personnel Staffing Group. LLC.*, Case No 18 C 3720, should the Court grants Plaintiffs' Motion to consolidate (Dkt No. 79), by July 27, 2018. The Parties were not, however, able to agree on how discovery on this matter should proceed. Plaintiff's and Defendant's respective views on how discovery should proceed are outlined below:

**Plaintiffs' Proposed Discovery Framework:**

1.  After this matter was filed the Parties held a planning conference and submitted an initial status report to the Court on February 15, 2017 (Dkt. No. 11). Pursuant to this status report, discovery proceeded in a non-bifurcated and non-staged manner.

2. Plaintiff Cox filed a Motion to Compel Defendant to supplement its Answers to Plaintiff's written discovery on October 5, 2017. *See* Dkt. No. 25. Plaintiff's Motion to Compel requested that Defendant produce certain categories of documents that Plaintiff argued were necessary to prepare her Motion for Class Certification that Defendant engage in a statewide practice of discriminating against women on the basis of their gender for **all** of its offices in Illinois.

3. The Court granted Plaintiff's Motion to Compel on November 29, 2017 and instructed the Parties meet and confer, and to file a report on the status of discovery with a proposed modified discovery schedule (Dkt. No. 34). The Parties conferred and proposed a deadline of May 31, 2018 to complete discovery on this matter and for Defendants to produce outstanding documents including, but not limited Emails for a sample period and for all of Defendant's Illinois offices containing the words "light*,""heav*," "men," "women," "man", or "woman" in electronic format along with any attachments to said emails. (Dkt No. 25 at page 19).

4. As Defendant began producing relevant documents pursuant to the Courts Order on Plaintiffs' Motion to Compel, a new dispute arose relating to the redaction of client companies' identity from email communications and attachments and other documents. For example, Defendant produced email requests from unidentified client companies, for its Waukegan office only, for a specific number "light" and "heavy" laborers, which Plaintiffs argue are gender specific codes. Defendant also produced some assignment records. Due the redaction of client company information from the production, Plaintiff Cox argued the she was unable to use the documents produced to show that Defendant had company of making discriminatory assignment and complying with discriminatory requests. Plaintiff filed a Motion to Compel

Defendant to provide the documents the Court had already ordered it to produce in unredacted format. *See* Dkt. No. 36 and Dkt. No. 36-1.

5. Defendant agreed to produce un-redacted documents for all of its client offices subject to a protective Order. This mooted Plaintiff's second Motion to Compel. (Dkt. No 39). The Court entered an agreed protective Order on this matter. (Dkt. No 44).

6. As of today, Defendant has not produced any unredacted email communications or any unredacted attachments to said communications reflecting what companies requested workers, including via the codes "lights" and "heavies". Except for Waukegan, Defendant has not produced any email communications (un-redacted or otherwise) for its Illinois offices as it was ordered to do by the Court on November 29, 2017 (Dkt. No. 34).

7. On February 16, 2018 Defendant filed a Motion to Stay discovery in this matter arguing that the deposition of Plaintiff Cox would reveal she was unable to serve as an adequate Class representative, and discovery should be stayed pending her deposition to avoid undue burden on Defendant (Dkt. No 53).

8. If this Court grants Plaintiffs Motion to consolidate, three new Class Representatives, including two Plaintiffs for whom the EEOC issued "cause determination" letters that are the basis of ongoing investigations.

9. Defendant has stated that discovery on Defendant should remain stayed until it has the opportunity to depose all Plaintiffs.

10. Plaintiffs believe that Defendant's Motion to Stay Discovery based on the inadequacy of Plaintiff Cox will be mooted by the entry of three new Plaintiffs into this litigation. Plaintiffs believe that discovery should continue where it left off, and Defendant should produce the documents it had either agreed to produce, or had been ordered by the Court

to produce prior to filing its Motion to stay discovery. While redacting email communications which are absolutely essential to Plaintiff's Motion for class certification can be burdensome, producing unredacted communications under the protective order entered by this Court should not be burdensome.

11. Accordingly, Plaintiffs propose that discovery proceed in non-bifurcated and non-sequenced fashion as originally agreed in the Parties status report (Dkt. No. 11). Plaintiffs propose that their Motion for Class Certification be due on January 28, 2019, that Defendant's Response be due on February 20, 2019, and that Plaintiffs' Reply be due on March 6, 2019. Lastly, Plaintiffs propose that the Court set a deadline to complete any remaining fact discovery after ruling on Plaintiffs' Motion for Class Certification. Plaintiffs propose this schedule assuming that discovery will not be staged and is allowed to go forward as proposed by Plaintiffs so the Parties can perform all necessary discovery to brief Plaintiffs' Motion for Class Certification.

**Defendant's Proposed Discovery Framework:**

1. Through discovery in this matter, Defendant has previously provided Plaintiff with over 18,000 pages of emails from its Waukegan office containing the terms suggested by Plaintiffs' counsel and over 9,700 pages of documents, as well as 8 multi-worksheet spreadsheets containing the laborers assigned from each of Defendant's six (6) Illinois offices and the invoice records for those six (6) Illinois offices during the class period.

2. Plaintiffs have requested to consolidate the newly filed case, *Matthews, et al. v. Personnel Staffing Group, LLC*, 18-cv-3720, into this matter, adding three additional named Plaintiffs.

3. Defendant's responsive pleading in the newly filed *Matthews* case is due on July 27, 2018. If these matters are consolidated, Defendant should be permitted to conduct written discovery as to the newly named Plaintiffs Quiana Matthews, Keeona Person, and Michelle Gongora and depose Ms. Cox, Ms. Matthews, Ms. Person, and Ms. Gongara prior to continuing its substantial production in this case.

4. In the event this matter and the *Matthews* suit are not consolidated, Defendant should be permitted to depose Ms. Cox before continuing its substantial discovery production.

5. Defendant should be permitted to conduct its discovery as to the new Plaintiffs and depose each of the Plaintiffs to ascertain what evidence actually exists of any alleged statewide practice or policy. Defendants' counsel will work with Plaintiffs' counsel to schedule these depositions as quickly as Plaintiffs want, understanding that schedules will need to be aligned.

6. Defendant proposes that it issue written discovery to the newly named plaintiffs within two weeks of the filing of its responsive pleading in the *Matthews* suit, or by August 10, 2018. Depositions can proceed as quickly as schedules will allow thereafter.

7. Based on the evidence, if any, presented of a statewide policy or practice in those depositions, the scope of any additional discovery can properly be determined. Defendant proposes that a status hearing be set for mid-September to evaluate the parties' progress on discovery.

8. Defendant agrees with Plaintiffs' proposal that Plaintiffs' Motion for Class Certification be due on January 28, 2019, but request that Defendant's Response be due on April 29, 2019, and that Plaintiffs' Reply be due on June 24, 2019. Defendant agrees with Plaintiffs' proposal that the Court set a deadline to complete any remaining fact discovery after ruling on Plaintiffs' Motion for Class Certification.

Dated: July 23, 2018　　　　　　　　　　　Respectfully submitted,

For Plaintiff:　　　　　　　　　　　　　　For Defendant MVP:

*s/Alvar Ayala*　　　　　　　　　　　　　*s/Michele D. Dougherty*
Alvar Ayala　　　　　　　　　　　　　　Michele D. Dougherty
Christopher J. Williams　　　　　　　　　Elliot Richardson
Workers' Law Office P.C.　　　　　　　　Carter A. Korey
53 W Jackson Blvd., Ste. 701　　　　　　　Korey Richardson LLC
Chicago, IL 60604　　　　　　　　　　　Two First National Plaza
Tel: (312) 795-9121　　　　　　　　　　　20 S. Clark Street, Suite 500
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　(312) 372-7075